UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━

LESTER LEE SCARBROUGH, JR,

                              Plaintiff,

     vs.                                          9:09-CV-0850
                                                     (NAM)(DEP)

MR. EVANS, OMH Social Worker; SMITH, Nurse
Administrator, Upstate Correctional Facility;
VITALINE LAPAGE, Corrections Counselor,
Upstate Correctional Facility; and MR. JOSEPH
BELLNIER, Superintendent, Upstate Correctional
Facility,

                             Defendants.
━━━━━━━━━━━━━━━━━━━━━━━━━━━━

APPEARANCES:                      OF COUNSEL:

Lester Lee Scarbrough, Jr.
08-B-0351
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953
Plaintiff, *pro se*

Hon. Andrew M. Cuomo            Christina L. Roberts-Ryba, Esq.
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224
Attorney for represented defendants

**Norman A. Mordue, Chief U.S. District Judge**

### DECISION and ORDER

**I.    Introduction**

     Plaintiff Lester Lee Scarbrough, Jr. commenced this action by filing a *pro se* civil rights

complaint setting forth numerous claims arising out of his confinement at Upstate Correctional Facility.

Dkt. No. 1. After an initial review conducted in accordance with 28 U.S.C. §§ 1915 and 1915A, by

Decision and Order filed on August 24, 2009 this Court dismissed, *sua sponte*, several of plaintiff's claims and defendants. Dkt. No. 6.  Remaining are plaintiff's claims against defendants Evans, Smith, Lapage, and Bellnier that plaintiff was denied mental health treatment in deliberate indifference to his serious medical needs and subjected to improper conditions of confinement in violation of his Eighth Amendment rights.  Dkt. No. 1.

Currently before the Court is plaintiff's second motion for injunctive relief.[1]  Dkt. No. 30; *see also* Dkt. Nos. 31, 34.  Defendants oppose plaintiff's motion.  Dkt. No. 33.

**II.    Discussion**

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter."  *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986).  In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party.  *See D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the ... merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994) (per curiam)).

> In some circumstances, an even higher standard applies. The moving party must make a "clear" or "substantial" showing of a likelihood of success where (1) the injunction sought "will alter, rather than maintain, the status quo"- *i.e.,* is properly characterized as a "mandatory" rather

---

[1] Plaintiff previously filed a motion for injunctive relief seeking, among other things, his transfer out of Upstate Correctional Facility.  Dkt. No. 19.  The previous request was denied by Decision and Order of this Court filed January 5, 2010.  Dkt. No. 27.

2

> than "prohibitory" injunction; or (2) the injunction sought "will provide
> the movant with substantially all the relief sought, and that relief cannot
> be undone even if the defendant prevails at a trial on the merits."

*Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (citing *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.,* 60 F.3d 27, 33-34 (2d Cir. 1995)). The same standards govern consideration of an application for a temporary restraining order. *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008) (citing *Therrien v. Martin,* No. 3:07-cv-1285 (JCH), 2007 WL 3102181, at *5 (D.Conn. Oct. 19, 2007)).

"The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'" *Perri*, 2008 WL 2944642, at * 2 (citing *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.,* 339 F.3d 101, 113-14 (2d Cir. 2003)); *see also Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." (internal quotation omitted)). Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, No. 9:07-CV-0724, 2008 WL 2705371, at *2 (N.D.N.Y. Jul. 3, 2008)(citation omitted) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages.").

### A. Unrelated claims against non-parties

Plaintiff alleges that Department of Correctional Services ("DOCS") employees Nurse Travers, Sgt. Thompson, Captain Quinn, Lieutenant Ranieri, correctional officer Gettmann, and Mr. Nocera

were all involved in conduct that has put plaintiff in fear for his life at Upstate. Dkt. No. 30 at 3-7. Specifically, plaintiff claims that these persons were involved in either assaulting plaintiff on December 31, 2009, without justification, or denying plaintiff medical care or due process following the alleged assault. *Id.*

> "To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *McKinnon v. Tresman,* 2004 WL 78091, at *1 (2004 D. Conn.) (citing *Devose,* at 471 (denying the inmate plaintiff's motion for preliminary injunction when the inmate's complaint alleged denial of adequate medical treatment and his motion for preliminary injunction sought relief for alleged retaliation based on filing the instant lawsuit)); *see also Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.1997) ( "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." ).

*Candelaria*, 2006 WL 618576, at *3.

Plaintiff's claim that he fears for his life at Upstate because he was assaulted and thereafter denied medical care and due process by DOCS employees - none of whom are parties to this action - does not relate to the claims in his complaint that defendants Evans, Smith, Lapage, and Bellnier denied plaintiff mental health care and proper conditions of confinement. *Compare* Dkt. No. 1 *with* Dkt. No. 30.

Moreover, because Nurse Travers, Sgt. Thompson, Captain Quinn, Lieutenant Ranieri, correctional officer Gettmann, and Mr. Nocera are not parties to this lawsuit, the Court lacks subject matter jurisdiction to enjoin their actions. *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); *Williams v. State University of New York*, 635 F. Supp. 1243, 1246 (E.D.N.Y.1986) ("prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant

preliminary injunctive relief"). Furthermore, even if the court did have jurisdiction, there is no showing any of these non-parties have been given notice as required by Fed. R. Civ. P. 65(a)(1).

Accordingly, the Court denies plaintiff's motion because he seeks injunctive relief unrelated to the claims asserted in this action against persons who are not parties to this action.

### B. No proof of likelihood of success

In reply to defendants' opposition, plaintiff claims that he was assaulted in retaliation for filing this civil action. Dkt. No. 34 at 1. Plaintiff states that he was told during the assault "that [the assault] is for [plaintiff] to stop litigating on staffed [*sic*], employees" at Upstate. *Id.* While the Court does not find that this allegation is related to the underlying claims - as it alleges separate and distinct constitutional violations by persons not parties to this action - because plaintiff claims that the actions taken against him were in retaliation for his filing this lawsuit, the Court will nonetheless review the merits of plaintiff's request for injunctive relief. However, even if plaintiff could establish that his request for injunctive relief is related to the claims in the underlying action and that he will suffer irreparable harm unless he receives the relief that he requests, the Court would still deny his motion.

Apart from establishing irreparable harm, a party is not entitled to injunctive relief unless there is also proof of a likelihood of succeeding on the merits of a claim, or evidence that establishes sufficiently serious questions going to the merits of such a claim and a balance of hardships tipping decidedly toward the party seeking such relief. *See Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir. 1992). Plaintiff has submitted only his own affidavits containing his request for injunctive relief and the reasons why he believes his request should be granted. Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of

5

a preliminary injunction."); *Hancock v. Essential Resources, Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Defendants on the other hand have submitted the following:  statements by the non-party employees involved in the alleged wrongdoing outlined in the present motion; a copy of the misbehavior report indicating that plaintiff attempted to strike Upstate employees with a homemade weapon; the inmate injury report indicating that plaintiff refused treatment from Nurse Travers after the alleged assault on December 31, 2009; a photo of the weapon (a sock filled with soap bars) that plaintiff used against the Upstate employees; and a copy of the disciplinary hearing packet from the hearing following the alleged incident on December 31, 2009.  Dkt. No. 33, Exs. A-E.  Based on the documents filed by the parties, plaintiff has not met his burden of submitting **proof or evidence** which would entitle him to injunctive relief.

## C. No right to transfer

Plaintiff seeks transfer to another correctional facility.  Dkt. No. 30 at 8; Dkt. No. 31 at 1; Dkt. No. 34 at 2.  The law is clear that an inmate does not have a right to be confined to the prison of his own choosing or to a particular type of housing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243, 96 S.Ct. 2543, 2547 (1976) (New York state prisoners have no right to incarceration at a particular prison facility); *Klos v. Haskell*, 835 F. Supp. 710, 723 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995) (citing cases). Moreover, DOCS has "broad leeway in deciding where to house the inmates under its protective care, be it state or county jail." *McFadden v. Solfaro*, Nos. 95 Civ. 1148, 95 Civ. 3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998); *see also Meachum v. Fano*, 427 U.S. 215, 229 (1976) ("The federal courts do not sit to supervise state

prisons, the administration of which is acute interest to the states"). Thus, there is no legal basis for this Court to order plaintiff's transfer to another correctional facility.

### D.     No right to bring criminal charges

Plaintiff also indicates that he wishes to file criminal charges, presumably in this Court, against the non-party DOCS employees "who reacted in brutality upon" plaintiff. Dkt. No. 31 at 2. It is the settled authority of this Circuit that crimes are prosecuted by the federal government; not private citizens. *See Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism . . . that in our federal system crimes are always prosecuted by the Federal Government, not by . . . private citizens."); *People of the State of New York v. Muka*, 440 F. Supp. 33, 36 (N.D.N.Y. 1977) (Munson, J.).[2]

### E.     Conclusion

For all the foregoing reasons, plaintiff's motion for injunctive relief is **denied** in its entirety.

WHEREFORE, it is hereby

ORDERED that plaintiff's motion for injunctive relief (Dkt. No. 30) is **DENIED**; and it is further

ORDERED that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: April 20, 2010

_____
Norman A. Mordue
Chief United States District Court Judge

---

[2] Plaintiff also states that he would like to bring **civil** charges against these non-party DOCS employees. Dkt. No. 31 at 2. In order to do so, plaintiff may of course commence a new, separate civil rights action against the relevant DOCS employees.

7